```
                UNITED STATES DISTRICT COURT FOR THE
                  WESTERN DISTRICT OF NORTH CAROLINA
                         CHARLOTTE DIVISION
                           3:97CR2-02-MU
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>    **Plaintiff,**           )<br>                              )<br>        v.                    )        **O R D E R**<br>                              )<br>**WILLIAM L. MORGAN,**         )<br>    **Defendant.**           )<br>_____) | |

**THIS MATTER** is before the Court on the defendant's "Petition To Vacate Order Of Restitution On The Basis That The District Court Had No Authorization To Delegate To The Bureau Of Prisons The Responsibility Of Collecting Restitution."

By his Petition, the defendant seeks to set aside this Court's Judgment that he make restitution payments while in prison. According to the defendant, the undersigned has unlawfully "delegated to the Bureau of Prisons the responsibility for devising a payment schedule." However, the Court has reviewed the record of this matter, and determined that the defendant simply is mistaken in this assertion.

First, to the extent that the defendant is taking issue with the fact that the Bureau of Prisons is involved with the collection of his restitution payments—as suggested by the caption of this Petition, there simply is no issue to be made of that matter. Indeed, it is well settled pursuant to the Inmate Financial

Responsibility Program, that district courts may enlist the assistance of the Bureau of Prisons in the collection of restitution payments from inmates. See McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999) (noting that "[n]othing barred the BOP from ensuring pursuant to the IFRP that [defendant] make good-faith progress toward satisfying his court-ordered obligations."). Indeed, in United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996), the appellate Court stated that a district court may not delegate its authority to set the amount and timing of fines or restitution to the Bureau of Prison. However, Miller further indicated that the district court may, while retaining ultimate responsibility for the timing and amounts of payments, enlist the assistance of other entities in performing tasks like the collection of restitution payments from inmates.

Here, the defendant concedes that the Court Ordered him to pay restitution (in the amount of $16,268.37). Such directive typically is construed as requiring payment to the extent that the defendant can make it in good faith, beginning immediately. See Coleman v. Brooks, 133 Fed.Appx. 51, 53 (4th Cir. 2005), citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002). Consequently, once a district court has ordered the immediate payment of restitution, the court may directly use the Bureau of Prisons, and indirectly the IFRP, as a means of collecting those payments. Therefore, this Court's Order was not unlawful.

Finally, it has not escaped the Court's attention that the defendant did <u>not</u> directly appeal the subject restitution Order to the Fourth Circuit Court of Appeals.  Nor did the defendant file a <u>habeas</u> motion under §2241, seeking review of this matter.  Consequently, for all of the foregoing reasons, the instant Petition to Vacate is hereby **DENIED**.

    **SO ORDERED.**

Signed: August 23, 2006

*[signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge