**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:16-cv-387-GCM**
**(3:97-cr-2-RJC-1)**

| | | |
|---|---|---|
| **WILLIAM LANCE MORGAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1].

## I. BACKGROUND

Petitioner was charged in a 27-count Indictment with offenses including: Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count Thirteen); carrying a firearm during and in relation to a crime of violence, i.e. Count Thirteen, in violation of 18 U.S.C. § 924(c) (Count Fourteen); attempted Hobbs Act robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 1951 and 2 (Count Nineteen); and carrying a firearm during and in relation to a crime of violence, i.e. Count Nineteen, and aiding and abetting the same in violation of 18 U.S.C. §§ 924(c) and 2 (Count Twenty). [3:97-cr-2 ("CR") Doc. 1]. Petitioner pleaded guilty to Counts Fourteen and Twenty pursuant to a written Plea Agreement. [CR Doc. 11]. The Court sentenced Petitioner to 60 months' imprisonment for Count Fourteen and 240 months, consecutive, for Count Twenty, followed by three years of supervised release for each count, concurrent. [CR Doc. 16]. Petitioner did not appeal. Petitioner subsequently pleaded guilty to violating the

conditions of his supervised release.[1] [CR Docs. 35, 46].

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 17, 2016.[2] [Doc. 1]. He argues that the § 924(c) convictions should be vacated because Hobbs Act robbery is not a "crime of violence" pursuant to United States v. Johnson, 576 U.S. 591 (2015). [Id.].

This case was stayed for several years pending developments in the case law. [Docs. 6, 14, 16, 18]. Most recently, the matter was stayed pursuant to the Supreme Court's consideration of United States v. Taylor, which has now been resolved, 142 S.Ct. 2015 (2022).

The United States has filed a Response arguing that the § 924(c) conviction in Count Fourteen remains valid, but agreeing that the § 924(c) conviction in Count Twenty should be vacated. [Doc. 21]. It does not request a resentencing hearing.[3] [Id.]. The Petitioner has not replied and the time to do so has expired. The matter is now ripe.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

[1] Most recently, on August 26, 2021, Judge Conrad entered a Judgment sentencing Petitioner to seven months' imprisonment and one year of supervised release. [Doc. 46].

[2] The Federal Public Defender was appointed to represent Petitioner in this action pursuant to Administrative Order No. 3:15-mc-196.

[3] The United States notes that Petitioner has already been released from prison, and his term of supervised release is almost complete. [Doc. 21 at 8].

proceedings . . .” in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

Petitioner contends that his § 924(c) convictions in Counts Fourteen and Twenty should be vacated because his Hobbs Act robbery convictions do not qualify as a crime of violence in light of Johnson and its progeny.

Section 924(c) prohibits using or carrying a firearm “during and in relation to any crime of violence or drug trafficking crime….” 18 U.S.C. § 924(c)(1). A “crime of violence” is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court applied the principles articulated in Johnson to conclude that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019). Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)’s force clause. United States v. Mathis, 932 F.3d 242 (4th Cir. 2019). However, attempted Hobbs Act robbery does not categorically qualify as a crime of violence and it is, thus, an invalid § 924(c) predicate. See United States v. Taylor, 142 S.Ct. 2015 (2022).

The Government argues that the challenge to Count Fourteen is procedurally defaulted, waived, and meritless because the predicate offense of Hobbs Act robbery remains a valid § 924(c) crime of violence; the Petitioner has not attempted to rebut those arguments. The Motion to Vacate will be denied as to Count Fourteen. See Mathis, 932 F.3d at 242.

As to Count Twenty, the Government correctly agrees that the predicate offense of attempted Hobbs Act robbery, as charged in Count Nineteen, is not a crime of violence and that the conviction and sentence for Count Twenty must be vacated. Accordingly, the conviction and sentence for Count Twenty will be vacated.

The Clerk will be instructed, on the parties' consent, to issue an Amended Judgment reflecting the vacatur of Count Twenty. All other terms and conditions of the original Judgment [CR Doc. 16], and of the revocation Judgments [CR Docs. 35, 46], will remain in effect.

## IV. CONCLUSION

Petitioner's Motion to Vacate [Doc. 1] is granted in part and denied in part, and Count Twenty is vacated.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. 1] is **GRANTED** in part and **DENIED** in part as stated in this Order.
2. Petitioner's conviction on Count Twenty is **VACATED**.
3. The Clerk is directed to issue an Amended Judgment vacating Count Twenty; and to serve copies of this Order on the federal Bureau of Prisons, Petitioner, counsel for the Petitioner, the United States Attorney, and the United States Probation Office.

Signed: August 30, 2022

Graham C. Mullen
United States District Judge